UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Marcus Brown,

           Plaintiff

  v.

CSAA General Insurance Co. d/b/a AAA Insurance and LM General Insurance Co. a/k/a Liberty Mutual,

           Defendants

Case No. 2:21-cv-00892-CDS-EJY

**Order Denying Motion for Summary Judgment and Ordering Parties to Settlement Conference**

[ECF No. 15]

      This removed breach-of-contract dispute arises out of an alleged hit-and-run car accident that occurred in February 2020 while plaintiff Marcus Brown was driving his aunt's Chrysler and his aunt and uncle were riding as passengers. Brown alleges that an unknown driver collided with the Chrysler, injuring him and his two relatives. Brown sues his own car insurer, LM General Insurance Co. (a/k/a Liberty Mutual), and his aunt's car insurer, CSAA General Insurance Co. (d/b/a AAA Insurance), alleging that he is entitled to the uninsured motorist limits of both policies. Liberty Mutual moves for summary judgment, which Brown opposes.[1] Because I find that genuine disputes of material fact preclude summary judgment, I deny Liberty Mutual's motion and order the parties to a mandatory settlement conference with the magistrate judge.

---

[1] I note that Brown's response brief does not comply with the local rules of this district. *See generally* ECF No. 16. For example, "[d]ocuments filed electronically must be filed in a searchable . . . PDF" file, not merely scanned. LR IA 10-1(b); *see also* LR IC 2-2(a)(1). Additionally, "[e]xhibits and attachments must not be filed as part of the base document in the electronic filing system. They must be attached as separate files." LR IC 2-2(a)(3)(A). And "[a]n index of exhibits must be provided." LR IA 10-3(d). These and the other local rules exist to streamline court processes and preserve court resources, so I direct Brown to follow them in the future in this case and any other litigation in this district.

I.   Legal standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). At the summary-judgment stage, the court "must view the evidence and inferences therefrom in the light most favorable to the party opposing summary judgment." *Kaiser Cement Corp. v. Fischbach and Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986) (citing *Diaz v. Am. Tel. & Tel.*, 752 F.2d 1356, 1362 (9th Cir. 1985); *Jewel Cos., Inc. v. Pay Less Drug Stores Nw., Inc.*, 741 F.2d 1555, 1559 (9th Cir. 1985)). "When reasonable minds could differ on the material facts at issue, summary judgment is not appropriate." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1472 (9th Cir. 1994) (citing *See v. Durang*, 711 F.2d 141 (9th Cir. 1983)).

II.   Discussion

A.   Applicable law

Nevada treats insurance policies "like other contracts, and thus, legal principles applicable to contracts generally are applicable to insurance policies." *Century Surety Co. v. Andrew*, 432 P.3d 180, 183 (Nev. 2018) (citations omitted). In Nevada, "[a]ny policy of insurance or endorsement providing coverage . . . may provide that if the insured has coverage available to the insured under more than one policy or provision of coverage, any recovery or benefits may equal but not exceed the higher of the applicable limits of the respective coverages[.]" NRS § 687B.145(1). And "[a]ny provision which limits benefits pursuant to this section must be in clear language and be prominently displayed in the policy[.]" *Id.* Notably, the Nevada Supreme Court has long held "that an insurance company c[an]not seek to 'defer or limit its liability' on the basis of the availability of other insurance." *Yosemite Ins. Co. v. State Farm Mut. Auto. Ins.*, 653 P.2d 149, 150 (Nev. 1982). To the extent an insurance policy is ambiguous, Nevada follows the "well-established policy of construing ambiguities in insurance policies against the drafter." *Id.* (citing *Catania v. State Farm Life Ins. Co.*, 598 P.2d 631 (Nev. 1979)).

B. **Genuine disputes of material fact preclude summary judgment against Liberty Mutual.**

Liberty Mutual moves for summary judgment, arguing that Brown "is not eligible for uninsured motorist benefits from" Liberty Mutual because the "other insurance" clause in its policy "foreclose[s]" Brown from eligibility. ECF No. 15 at 3, 9. Liberty Mutual contends that two reasons support its argument: (1) Brown did not own the Chrysler, nor was it was not listed in the Liberty Mutual policy, so any benefits under the Liberty Mutual policy would be "excess to the benefits potentially available" under the AAA policy; and (2) "the total limits upon benefits are the same for both the [AAA] policy and the [Liberty Mutual] policy (each have express limits upon benefits not to exceed $100,000)[,]" so "'any recovery for damages under all such policies . . . may equal but not exceed the highest applicable limit' (in this instance, $100,000 corresponding to the limits . . . for both policies)." *Id.* at 8–9.

Brown responds that Liberty Mutual misinterprets its policy under Nevada law and that factual questions preclude summary judgment at this stage. ECF No. 16 at 8. Part of Brown's argument is that Liberty Mutual has not provided a copy of the AAA insurance policy to the court, so I "cannot truly confirm how the underinsured-uninsured provisions of the subject policies relate." *Id.* at 12. Brown contends that "[w]ithout [my] ability to compare the two '[o]ther [i]insurance' provisions, [I] cannot even determine how the [AAA p]olicy allocates underinsured-uninsured benefits." *Id.* (citing *Zervas v. USAA Gen. Indem. Co.*, 370 F. Supp. 3d 1169, 1171 (D. Nev. 2019)). And Liberty Mutual replies that Brown "does not dispute any of the facts that require summary judgment" and takes issue with Brown's "almost exclusive[]" reliance on an argument that Liberty Mutual's policy must be compared to the AAA policy. ECF No. 18 at 7. The insurer argues that Brown's "mere suggestion or supposition that unknown or unstated terms in the CSAA policy could hypothetically be material is not a basis to oppose or deny summary judgment." *Id.* (citations omitted).

Indeed, the only evidence of the AAA policy that the parties have provided is a one-page summary of the policy limits. ECF No. 15-3 at 2. That document shows that Lula Williams, Brown's aunt, was the named insured on the AAA policy and that her 2005 Chrysler 300 sedan was one of the two insured vehicles. *Id.* It also lists the "uninsured and underinsured motorist bodily injury" limit of liability for the Chrysler as $100,000 per person, up to $300,000 per accident. *Id.* But the policy's other terms, including any of its provisions about coverage for drivers other than the named insured (such as Brown) and its "other insurance" clause, have not been filed in this case and are not available for my review. In contrast, Liberty Mutual provides nearly forty pages of its own policy's terms. ECF No. 15-4 at 53–90. I also note that AAA has not filed any substantive briefs in this case and has thus not made known its position on the applicability of the AAA policy.

As the Nevada Supreme Court has held, "an insurance company c[an]not seek to 'defer or limit its liability' on the basis of the availability of other insurance." *Yosemite Ins. Co.*, 653 P.2d at 150. That is precisely what Liberty Mutual seeks to do here. Without analyzing the substance of the AAA policy—which may or may not provide coverage to Brown and which may or may not have an "other insurance" clause of its own—and without even providing the court with the AAA policy itself for review, Liberty Mutual asserts that because the two policies' limits are allegedly the same, the "other insurance" clause means that Brown is ineligible for Liberty Mutual coverage.[2] ECF No. 15 at 5. "Other insurance" clauses often spur litigation, and the resolution of conflicts involving them "depends upon whether there are 'other insurance' clauses in all, some, or none of the contracts[;] whether the 'other insurance' clauses are similar or

---

[2] The parties agree that the AAA limit for uninsured motorist coverage is $100,000. ECF No. 15 at 5; ECF No. 1 at ¶ 13. But Brown's complaint alleges that the limit under the Liberty Mutual policy is $25,000, while Liberty Mutual contends that it is $100,000 because "the stacking of limitations for 4 separate vehicles listed in that policy" equals "[t]he limit of $100,000." ECF No. 15 at n.2. Brown's complaint alleges that his past and future medical expenses "exceeded $88,000," and he also seeks lost earnings and earning capacity. ECF No. 1-1 at 5–6. Having sought $100,000 from AAA and $25,000 from Liberty Mutual, it appears that Brown seeks to recover a total exceeding $100,000 of coverage from both insurers. *Id.* at ¶¶ 20–21. Thus, whether Brown can recover from one or both policies is both material and disputed.

dissimilar[;] and whether there are conflicting 'other insurance' clauses in excess insurance contracts." Scott M. Seaman and Jadson R. Schulze, *Allocation of Losses in Complex Insurance Coverage Claims*, § 5.4 (2021). When courts resolve disputes involving "other insurance" clauses, they typically compare all of the insurance policies involved. *See, e.g., Alamo Rent-A-Car, Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 P.2d 1074, 1076 (Nev. 1998) (discussing the *Lamb-Weston* rule that the Nevada Supreme Court adopted and under which varying policies' "other insurance" clauses are compared); *Oregon Auto. Ins. Co. v. U.S. Fidelity & Guaranty Co.*, 195 F.2d 958, 960 (9th Cir. 1952) (applying Oregon law but undertaking a similar comparison of two policies that were both in effect at the time of the car accident).

  Because the parties have not provided a copy of the AAA policy—nor has AAA made its position on the issue of coverage known—summary judgment is inappropriate. The crux of Liberty Mutual's argument is that under the "other insurance" clause in its policy, the other insurance at play here—the AAA coverage—is the only one through which Brown is eligible to recover. But because the outcome of cases involving "other insurance" clauses depend on a comparison of the competing policies, genuine issues of material fact remain about what is contained in the AAA policy and how that would impact the applicability or effect of the Liberty Mutual "other insurance" clause. Nevada has a strong policy of "mitigat[ing] losses sustained by motorists and other insureds who, without fault, are involved *in a collision with a driver* who is inadequately insured or completely without insurance." *Kern v. Nev. Ins. Guar. Ass'n*, 856 P.2d 1390, 1394 (Nev. 1993) (citing *Siggelkow v. Phoenix Ins. Co.*, 846 P.2d 303, 304 (Nev. 1993)). As the alleged victim of a hit-and-run driver, Brown should benefit from that policy. In light of that and the Nevada Supreme Court's warning that an insurance company cannot defer liability by merely pointing to other potentially available insurance, I therefore deny Liberty Mutual's motion for summary judgment.

III.     Conclusion

IT IS THEREFORE ORDERED that Liberty Mutual's motion for summary judgment [ECF No. 15] is DENIED.

IT IS FURTHER ORDERED that this case is **REFERRED to the magistrate judge for a mandatory settlement conference** on Brown's breach-of-contract claims against AAA and Liberty Mutual. The parties' deadline to file their proposed joint pretrial order is stayed until 10 days after the settlement conference, should this case not resolve.

DATED: November 17, 2022

_____
Cristina D. Silva
United States District Judge