UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Marcus Brown, | Case No. 2:21-cv-00892-CDS-EJY |
| Plaintiff | |
| v. | **Order Directing Entry of Judgment and Closing Case** |
| CSAA General Insurance Company (d/b/a AAA Insurance), et al., | |
| Defendants | |

On January 30, 2023, plaintiff Marcus Brown and defendants CSAA General Insurance Company (d/b/a AAA Insurance) and LM General Insurance Company (Liberty Mutual) stipulated to submit this matter to binding arbitration. ECF No. 29. I granted the stipulation, and that same day, I stayed litigation pending resolution of the arbitration. ECF No. 30. I further ordered that the parties must submit a joint status report or final judgment within 30 days of the arbitration's conclusion. *Id.* at 3. The parties filed a joint status report on July 31, 2023. ECF No. 32. In it, they indicate that the arbitration hearing went forward on June 20, 2023. *Id.* at 2. Thereafter, the arbitrator, Christopher M. Young, issued an award in favor of the plaintiff in the amount of $68,403.38. ECF No. 34-1 at 6. The amount of the award is less than the liability limit of the AAA insurance policy. As such, the award is recoverable from AAA only, with no liability or damages being assessed to Liberty Mutual, under the terms of the January 30, 2023, arbitration agreement. ECF No. 30 at 2.

The parties now ask the court to enter a final judgment in the amount of $68,403.38 as to AAA, with no liability as to Liberty Mutual.[1]

---

[1] Under the parameters of the arbitration agreement: a) the arbitrator's decision would be binding on all parties; b) the arbitrator's award shall be capped at the policy limits of AAA and Liberty Mutual; c) the priority of coverage for recovery of the arbitrator's award will be first to the AAA policy as primary, and then to the Liberty Mutual policy as excess in the event that the award exceeds the AAA policy limit; d) the arbitrator's decision would be dispositive of all issues of liability and damages, with all other issues

## I.  Analysis

Under Section 9 of the Federal Arbitration Act ("FAA"), upon application by a party for an order confirming an arbitration award, "the court must grant such an order unless the award is vacated, modified[,] or corrected as prescribed in sections 10 and 11" of the FAA. 9 U.S.C. § 9. "Section 10 lists grounds for vacating an award, while § 11 names those for modifying or correcting one." *Hall St. Assocs. LLC v. Mattel, Inc.*, 522 U.S. 576, 582 (2008). The grounds for vacating an arbitration award are "limited" and "exclusive." *Kyocera Corp. v. Prudential-Bache Trade Servs. Inc.*, 341 F.3d 987, 994 (9th Cir. 2003). "Neither erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of an arbitral award under the statute, which is unambiguous in this regard." *Id.* As relevant here, Section 10 of the FAA permits vacatur where "the arbitrators exceeded their powers[.]" 9 U.S.C. § 10. Arbitrators "exceed their powers" "not when they merely interpret or apply the governing law incorrectly, but when the award is completely irrational or exhibits a manifest disregard of law." *Id.* at 997. "To vacate an arbitration award on [the ground of manifest disregard of the law], '[i]t must be clear from the record that the arbitrators recognized the applicable law and then ignored it.'" *Biller v. Toyota Motor Corp.*, 668 F.3d 655, 665 (9th Cir. 2012) (quoting *Lagstein v. Certain Underwriters at Lloyd's, London*, 607 F.3d 634, 641 (9th Cir. 2010)).

Here, no party argues that the arbitration award should be vacated, modified, or corrected under 9 U.S.C. § 9, nor is there any evidence that the arbitrator exceeded their power in violation of 9 U.S.C. § 10. The parties jointly agree that final judgment should be entered. Thus, I confirm the arbitration award in Brown's favor.

## II.  Conclusion

Accordingly, IT IS HEREBY ORDERED that the arbitration award in favor of plaintiff Marcus Brown is affirmed.

---

expressly waived; e) the parties waive any recovery of attorney's fees, costs, or pre-judgment interest; and f) all bad-faith, extra-contractual, and punitive damages claims are waived with prejudice.

1       IT IS FURTHER ORDERED that the Clerk of Court enter judgment in favor of plaintiff
2 Marcus Brown and against defendant CSAA General Insurance Company in the amount of
3 $68,403.38.

4       IT IS FURTHER ORDERED that the Clerk of Court enter judgment with no liability as
5 to defendant LM General Insurance Company.

6       IT IS FURTHER ORDERED that because nothing else remains to be addressed, the
7 Clerk of Court is directed to CLOSE THIS CASE.

8       DATED: August 18, 2023

                                                                             _____
                                                                             Cristina D. Silva
                                                                             United States District Judge